**Khondaker Maksud ALAM, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–5412–ag.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

Jorge Guttlein, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former

Attorney General Michael B. Mukasey as Respondent in this case.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Khondaker Maksud Alam, a native and citizen of Bangladesh, seeks review of the November 2, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Khondaker Maksud Alam,* No. A096 427 070 (B.I.A. Nov. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Under 8 C.F.R. § 1003.2(c)(2), an applicant may file only one motion to reopen his proceedings and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding.

Because Alam filed his motion to reopen in August 2007—nearly two years after the BIA dismissed his appeal from the IJ's denial of his application for relief—it was clearly untimely. Nonetheless, an applicant may be excused from compliance with the time and numerical limitations on motions to reopen if he submits evidence establishing "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

Here, the BIA did not abuse its discretion in denying Alam's motion to reopen. As the BIA noted, because Alam had previously been found not credible in his underlying proceedings, general information on country conditions was insufficient to demonstrate his *prima facie* eligibility for relief. Indeed, in the underlying proceeding, the agency found not credible Alam's claim that he had been persecuted as a result of his involvement with the Awami League. Therefore, the BIA did not abuse its discretion in rejecting Alam's motion to reopen where he made much the same claim. *See Kaur v. BIA,* 413 F.3d 232 (2d Cir.2005) *(per curiam )*(finding no error in the agency's denial of petitioner's motion to reopen where petitioner did not overcome prior adverse credibility determination); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007)(finding no error where the BIA relied on the IJ's prior adverse credibility finding in refusing to credit evidence the petitioner submitted in support of a motion to reopen).

Alam argues that the underlying credibility determination should not undermine his motion to reopen because that credibility finding did not discredit his asserted membership in the Awami League. Contrary to his argument, the IJ expressly determined that Alam's assertions of his past persecution arising from his political activities on behalf of the Awami League were not credible. Regardless, however, the BIA's use of the IJ's prior adverse credibility determination to support its refusal to credit the new evidence Alam submitted with his motion was appropriate. *See Qin Wen Zheng,* 500 F.3d at 147 ("[A] single document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.")(quoting *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007)).

Finally, despite Alam's argument, we are not compelled to conclude that the BIA

failed to consider the evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006) ("[We] presume that [the agency] has taken into account all the evidence before [it], unless the record compelling suggests otherwise."); *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (expressly applying this standard to the BIA's consideration of evidence in support of a motion to reopen).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).